# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BILLY RAY DAVIS,**

      **Petitioner,**

   **v.**                                           **Civil Action No. 5:08cv4**
                                                       **(Judge Stamp)**

**WAYNE PHILLIPS,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On January 4, 2008, the *pro se* petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In the petition, the petitioner asserts that his conviction and sentence are unconstitutional pursuant to the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000) (finding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.)

### I. Petitioner's Conviction and Sentence

According to the petition, the petitioner was indicted on September 9, 1997, and charged with conspiring to distribute cocaine and conspiring to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On November 13, 1997, the petitioner pleaded guilty to conspiring to distribute cocaine in exchange for the dismissal of the other charge. The petitioner's conviction and sentence were affirmed by the Fourth Circuit Court of Appeals on January 22, 1999.

### II. Analysis

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "unconstitutional" sentence. Further, according to the petition, the petitioner HAS applied for post-conviction relief in the sentencing court. Thus, it is clear that the petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, the petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief..."

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new

2

rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Although the petitioner asserts that Apprendi should be applied retroactively to his case, such an argument is expressly foreclosed by the Fourth Circuit's decision in United States v. Sanders, 247 F.3d 139, 146 (4th Cir.), cert. denied, 534 U.S. 1032 (2001) (finding that Apprendi represents a new rule of constitutional criminal procedure which is not retroactive to cases on collateral review). Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the <u>pro se</u> petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE